UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN SWARTZ, Individually,

        Plaintiff,

vs.                                 Case No.:

151 MAIDEN LLC,
a New York Limited Liability Company,

        Defendant.

---

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 151 MAIDEN LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for damages pursuant to N.Y. Exec. Law Section 296, et seq. and New York Civil Rights Law § 40, et seq.

## COUNT I

1.    Defendant's property, AC Hotel New York Downtown, is located at 151 Maiden Lane, New York, NY, in the County of New York.

2.    Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

4. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

Helen Swartz was born and raised in New York City and visits on an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.  Her younger daughter lives in Brooklyn and attends The New School on Fifth Avenue, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City.  When Ms. Swartz is in New York City her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

Helen Swartz was a guest of the subject hotel from November 14 through November 15, 2020, and plans to return to the property on June 17 through June 18, 2021.  She is returning to New York to visit the Metropolitan Museum of Art.  She also plans to take her granddaughter to Astoria to meet the Plaintiff's godfather and to explore the Greek neighborhood of Astoria, into which she was born.  The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities, and her ability to access the facilities and use the

restrooms.

5. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as AC Hotel New York Downtown, and is located at 151 Maiden Lane, New York, NY.

6. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz has visited the subject property and desires to visit AC Hotel New York Downtown in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of AC Hotel New York Downtown has shown that

violations exist. These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include but are not limited to:

    a.    In the accessible guestroom #1710, which hotel deemed an accessible guestroom, the light fixtures above the bed are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

    b.    In the accessible guestroom #1710, which hotel deemed an accessible guestroom, the window controls require tight grasping or pinching operate. This is in violation of section 309.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

    c.    In guestroom #1710, which the hotel deemed an accessible guestroom, the window controls are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

    d.    In guestroom #1710, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

    e.    In guestroom #1710, which hotel deemed an accessible guestroom, the shower unit in the accessible guestroom roll-in shower compartment is out of reach to a person in a wheelchair. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the shower unit.

    f.    In guestroom #1710, which hotel deemed an accessible guestroom, the grab bars in the roll-in shower in the guestroom bathroom are positioned too low. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

    g.    In guestroom #1710, which hotel deemed an accessible guestroom, appropriate size grab bars in the roll-in shower in the guestroom bathroom are not provided. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the

facility.

  h.  In guestroom #1710, which hotel deemed an accessible guestroom, the grab bars by the water closet are positioned too low. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  i.  In guestroom #1710, which hotel deemed an accessible guestroom, a clear floor space for a forward reach to the lavatory is not provided. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  j.  In guestroom #1710, which hotel deemed an accessible guestroom, the desk is too low.  This is in violation of sections 806.2.1 and 902.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility

  k.  In guestroom #1710, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308, 806 and 811 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  l.  Accessible seating at the tables and bars around the hotel are not provided to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the tables and bars; 28 CFR §36.201, §36.202, §36.304.

  m.  On the second floor of the hotel there are a cluster of three toilet compartments. Only one of them is deemed accessible.  This is in violation of section 213.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility if the accessible compartment is in use.

  n.  In the accessible toilet compartment on the second floor, the flush control is located behind the water closet. This is in violation of section 604.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  o.  In the accessible toilet compartment on the second floor, the grab bars by the water closet are positioned too low. This is in violation of section 609.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult

5

the plaintiff to access the facility.

  p.  In the accessible toilet compartment on the second floor, the toilet seat cover dispenser is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  q.  In the accessible toilet compartment in the lower lobby, the flush control is located behind the water closet. This is in violation of section 604.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  r.  The hotel telephone is out of reach to a person in a wheelchair. This is in violation of sections 308 and 309 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  s.  In the accessible toilet compartment in the lower lobby, the toilet seat cover dispenser is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  t.  In the accessible toilet compartment in the lower lobby, the grab bars by the water closet are positioned too low. This is in violation of section 609.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  u.  In the AC Library-Workstation, the desk is too low. This is in violation of section 902.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  v.  A clear floor space is not provided around the AC Store and to access the ATM machine. This is in violation of sections 304 and 305 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  w.  The card reader keypad in the elevator is out of reach to a person in a wheelchair. This is in violation of section 407.2.1.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  x.  The stairway does not have appropriate extensions at the bottom of the

stairs.  This is in violation of section 505.10.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

      y.     A site arrival point is not provided to enter the site.  This is in violation of section 206.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      z.     The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations.   This is in violation of section 224 of the 2010 Standards for Accessible Design.   28 CFR §36.304.   This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1)

      aa.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211

9.     The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10.     The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine

all of the areas of non-compliance with the Americans with Disabilities Act.

11.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.     Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed

and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter AC Hotel New York Downtown to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and

by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

16. Plaintiff realleges all prior allegations as if fully set forth herein.

17. New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

18. For the purposes of the foregoing paragraph, "discriminatory practice" includes:

A. A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps

would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

   C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

19. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

20. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

21. A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

22. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

23. Defendant's property is a place of public accommodation as defined in §40.

24. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

25. Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

26. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

27. Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  November 24, 2020  Respectfully submitted,

*/s/  Lawrence A. Fuller*
Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

*Counsel for Plaintiff Helen Swartz*